**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 21-CV-24356-DLG

ZSOLT KOCSOR,

       Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER
PROTECTION OFFICER FRANK PEREZ
and AKAL SECURITY, INC.,

       Defendant.
_____/

<u>**ORDER**</u>

    **THIS CAUSE** comes before the Court upon Defendant United States of America's Motion to Dismiss (ECF No. 43), Defendant United States Customs and Border Protection Officer Frank Perez's Motion to Dismiss (ECF No. 57), and Plaintiff's Motion for Leave to Amend (ECF No. 60).

    **THE COURT** has considered the Motions, pertinent portions of the record, and is otherwise fully advised in the premises.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

    Plaintiff, a citizen of Hungary, arrived at Miami International Airport on January 1, 2019. Upon arrival, he was arrested by Defendant Perez and detained for misrepresenting that he had legal permanent residency in the United States. As alleged in Plaintiff's

Complaint, he did not have legal permanent residency, but was authorized to visit the United States for a period of up to 90 days pursuant to the Visa Waiver Program. Plaintiff was transferred to the Krome Service Processing Center where he was detained until his release on February 7, 2019.

On December 16, 2021, Plaintiff filed the instant action alleging he was unlawfully searched, arrested, detained, and deprived of necessary medication while in custody (ECF No. 1). Plaintiff alleges he advised the Defendants that he suffered a brain aneurysm in 2014, but does not allege that he made them aware of his need for medication at the time of his arrest or at any time while he was detained (ECF No. 1).

Defendant United States of America and Defendant Perez each filed motions to dismiss the complaint (ECF No. 43, 57), to which Plaintiff responded (ECF No. 50, 59). Thereafter, Plaintiff filed a motion for leave to amend his complaint (ECF No. 60).

## II.  LEGAL STANDARD

### Motions to Dismiss

Allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." Thomason v. Alabama Home Builders Licensure Bd.,

741 F. App'x 638, 641 (11th Cir. 2018) (citing Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations and citations omitted). Accordingly, for a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

Moreover, the Court's review of a Rule 12(b)(6) motion is ordinarily limited to the face of the complaint and any attachments thereto. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997) (citations omitted).

### III.   DISCUSSION

Defendant United States of America argues Plaintiff's complaint must be dismissed because (i) the Court lacks jurisdiction over this matter pursuant to the Immigration and Nationality Act ("INA"), (ii) Counts I, II, III, IV, and VI of Plaintiff's Complaint are barred by the Federal Tort Claims Act ("FTCA"), and (iii) Plaintiff has failed to state a claim upon which relief may be granted.

Defendant Perez argues the complaint should be dismissed because (i) the Court lacks jurisdiction over this matter pursuant to the INA, (ii) the FTCA precludes Plaintiff's claims against Defendant Perez, (iii) Plaintiff's claims exceed the scope of *Bivens*, and (iv) Defendant Perez is protected by qualified immunity.

A. THE IMMIGRATION AND NATIONALITY ACT ("INA") DOES NOT BAR PLAINTIFF'S CLAIMS.

i.   *8 U.S.C. § 1252*

Defendants argue Section 1252(g) of the Immigration and Nationality Act also precludes Plaintiff's claims. Section 1252(g) divests federal courts of jurisdiction over, "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

4

In support of their argument, Defendants cite *Gupta*, a case in which the Eleventh Circuit affirmed a district court's dismissal of the plaintiff's claims that ICE agents violated his Fourth and Fifth Amendment rights when they arrested and detained him. The Court held, the plaintiff's claims regarding defendants' decision to arrest and detain him, "each arise from an action taken to commence removal proceedings." Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013). Notably, in *Gupta*, the court relied on the fact that removal proceedings had been initiated at the time of the arrest. *Gupta* is factually distinguishable from the case at hand because, according to the allegations of the complaint, no removal proceedings were ever initiated against Plaintiff Kozcor. Several judges within this District have considered and rejected similar arguments for dismissal where the plaintiffs' claims were based on conduct which did not occur after the commencement of removal proceedings. See Gonzales v. FedEx Ground Package Sys., Inc, No. 12-CV-80125, 2013 WL 12080223, at *10 (S.D. Fla. Aug. 1, 2013)(denying motion to dismiss for lack of subject matter jurisdiction pursuant to the INA because "[u]nlike the plaintiff in Gupta, Plaintiffs' allegations stem from ICE's alleged misconduct before removal proceedings had commenced."); Bogomazov v. United States Dep't of Homeland Sec., No. 1:20-CV-24482, 2022 WL 769801, at *10 (S.D. Fla. Feb. 27, 2022), report and recommendation adopted, No. 20-24482-CIV, 2022 WL 767104 (S.D.

Fla. Mar. 14, 2022)(finding, the INA did not divest the court of jurisdiction because "the alleged wrongful conduct...occurred before Plaintiff was served the Notice to Appear and, therefore, before removal proceedings were initiated.").

Accordingly, because no removal proceedings had been initiated at the time the conduct upon which Plaintiff's claims are based occurred, this Court finds that such conduct does not arise from a removal decision. As such, 8 U.S.C. § 1252(g) does not divest this Court of subject-matter jurisdiction over the claims.

Defendants' arguments that Plaintiff's claims are barred by 8 U.S.C. § 1252(b)(9), 8 U.S.C. § 1252(a)(2)(B)(ii), and 8 U.S.C. § 1226(e) are rejected for the same reason. 8 U.S.C. § 1252(b) explicitly applies to the court's authority to review an order of removal, and § 1252(a)(2)(B)(ii) applies to the review of discretionary decisions of the Attorney General or the Secretary of Homeland Security. Likewise, Section 1226 governs the arrest, detention, and release of an alien, "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Subsection (e) precludes the court's review of "[t]he Attorney General's discretionary judgment regarding the application of this section." 8 U.S.C.A. § 1226(e).

Plaintiff's claims do not involve the review of an order of removal or any decisions by the Attorney General or the Secretary

of Homeland Security. Accordingly, his claims are not barred by these provisions.


B. THE FEDERAL TORT CLAIMS ACT ("FTCA")

"The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-770, 85 L.Ed. 1058 (1941)). Further, "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id. (quoting United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). "In the absence of clear congressional consent, then, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." Id. (citing Sherwood, 312 U.S., at 587-588).

Congress has waived sovereign immunity from suit under certain circumstances, through the FTCA. As stated by the Eleventh Circuit,

The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act or omission of a government employee acting within the scope of his office or

7

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The FTCA addresses violations of state law by federal employees, not federal constitutional claims.

Shivers v. United States, 1 F.4th 924, 928 (11th Cir. 2021), cert. denied, 142 S. Ct. 1361, 212 L. Ed. 2d 322 (2022)(internal quotations omitted) (citing 28 U.S.C. § 1346(b)(1); F.D.I.C. v. Meyer, 510 U.S. 471, 477-78, 114 S. Ct. 996, 1001, 127 L.Ed.2d 308 (1994)("[a] constitutional tort claim is not 'cognizable' under § 1346(b)").

Accordingly, Plaintiff's claims against the United States of America for violations of the United States Constitution, as alleged in Count III of Plaintiff's Complaint must be dismissed.[1]

i.   *The Discretionary Function Exception to the FTCA*

[The] FTCA broadly exempts (from the FTCA's waiver of sovereign immunity) 'any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Id. at 928. (quoting 28 U.S.C. § 2680(a)).

---

[1] The Court notes, Defendant's arguments regarding the dismissal of Count III against the United States were not refuted in Plaintiff's Response.

In determining whether a claim arises out of the performance of a discretionary function, the Court must employ a two-step test. Andrews v. United States, 121 F.3d 1430, 1438 (11th Cir. 1997). First, the Court must "determine whether the challenged conduct involves an element of judgment or choice." Id. (citing Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958–59, 100 L.Ed.2d 531 (1988)). Next, the Court must consider whether the discretion exercised is "of the kind that the discretionary function exception was designed to shield," that is, "legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. (citing United States v. Gaubert, 499 U.S. 315, 322–23, 111 S.Ct. 1267, 1273–74, 113 L.Ed.2d 335 (1991); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984)). "In making this determination, we do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." Cohen v. United States, 151 F.3d 1338, 1341 (11th Cir. 1998) (citing Ochran v. United States, 117 F.3d 495, 499–500 (11th Cir.1997)).

Each of Plaintiff's claims against the United States stem from (i) the Defendants' decision to arrest and detain Plaintiff, (ii) decisions regarding the conditions of Plaintiff's

confinement, (iii) the decision not to provide Plaintiff with certain medication while he was detained, or (iii) decisions regarding the screening, hiring, training, supervision, and retention of government employees. Accordingly, the Court will address whether each of these decisions was discretionary.

    a. <u>The decision to detain Plaintiff - Counts I, II, V, VII, VIII, and IX</u>

The Court finds that the Defendants' decision to detain Plaintiff was a discretionary function. This case is analogous to *Douglas*, a case cited in the Government's motion, involving a plaintiff who was detained by ICE for several months before he was determined to be a United States citizen. <u>Douglas v. United States</u>, 796 F. Supp. 2d 1354, 1369 (M.D. Fla. 2011). The Court applied the two-part test and concluded, the decision to detain the plaintiff was discretionary because it "require[d] judgment or choice as to the objectives, strategies and means," and the decision involved "various policy considerations in deciding which suspected aliens to detain, how to detain them, and how to investigate claims of citizenship by detained aliens." Here, Defendant Perez exercised discretion in deciding to search, arrest, and detain Plaintiff, and those decisions involved the same policy considerations discussed by the court in *Douglas*. Thus, Plaintiff's FTCA claims alleged in Counts I, II, V, VII, VIII, and IX against the United States of America stemming from those decisions must be dismissed pursuant to the discretionary function exception to the FTCA.

b. <u>Decisions regarding the hiring, retention, and supervision of
government employees - Counts IV and VI</u>

The allegations of Count VI involve the Government's alleged
negligence in screening, hiring, training, and retaining its
employees. Count IV involves the Government's failure to supervise
its employees and failure to intervene when the subject incident
occurred. This Court, district courts within the Eleventh Circuit,
and circuit courts around the country have held, such functions
"concern[] Defendants' exercise of discretion in how they train
their employees, meeting the first part of the two-part test, and
considerations of public policy because decisions as to how to
train employees necessarily involve the allocation of Defendant's
economic resources." <u>Bogomazov v. United States Dep't of Homeland
Sec.</u>, No. 1:20-CV-24482, 2022 WL 769801, at *19 (S.D. Fla. Feb.
27, 2022), report and recommendation adopted, No. 20-24482-CIV,
2022 WL 767104 (S.D. Fla. Mar. 14, 2022)(dismissing Plaintiff's
failure to train and supervise claims pursuant to the discretionary
function exception to the FTCA); <u>Brown v. United States</u>, No. 8:14-
CV-1423-T-27AEP, 2015 WL 12856787, at *1 (M.D. Fla. Nov. 20,
2015)(dismissing plaintiff's claims for "failing to monitor
[employee]'s compliance with its policies," and negligently
retaining the employee, as barred by the discretionary function
exception of the FTCA); <u>Radford v. United States</u>, 264 F.2d 709,
710 (5th Cir. 1959)(dismissing plaintiff's FTCA claim stemming

from the United States' decision to terminate plaintiff's employment because "it is settled law that the federal government has the unquestioned right to choose its own employees and is therefore not liable for acts done by it in the exercise of this right."); Tonelli v. United States, 60 F.3d 492, 496 (8th Cir. 1995)("Permitting FTCA claims involving negligent hiring would require this court to engage in the type of judicial second-guessing that Congress intended to avoid."); LeRose v. United States, 285 F. App'x 93, 97 (4th Cir. 2008)("decisions regarding the hiring, supervision and retention of [government employee] are precisely the type of decisions that are protected under the discretionary function exception."); Sydnes v. United States, 523 F.3d 1179, 1186 (10th Cir. 2008)("Forcing the government, at the jurisdictional stage, to defend its rationale for its employment decision in particular cases would, moreover, eviscerate the benefits of sovereign immunity that Congress has chosen to retain in discretionary function cases"); Bolduc v. United States, 402 F.3d 50 (1st Cir. 2005)("supervision of [employee] was discretionary and susceptible to policy-related judgments, and thus fell within the discretionary function exception to the FTCA").

In opposition to Defendants' argument for dismissal, Plaintiff argues the Defendants' conduct was mandated by the INA,

which "determines which classes of aliens are ineligible for visas or admission," and the Customs and Border Patrol Mission Statement, which states, the CBP's mission is to "protect the American people, safeguard our borders, and enhance the nation's economic prosperity." (ECF No. 50). Neither of these general policies prescribe the Defendants' conduct with sufficient specificity to divest Defendants of discretion in making decisions as to how these goals are met. As stated by the Eleventh Circuit, "even though a statute or regulation imposes a general duty on a government agency, the discretionary function exception may still apply if the agency retains sufficient discretion in fulfilling that duty." Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998).

Accordingly, the Court rejects Plaintiff's argument. Plaintiff's negligent hiring, negligent retention, and failure to supervise claims against the United States of America, as alleged in Counts IV and VI of his Complaint shall be dismissed because they fall squarely within the discretionary function exception to the FTCA.

c. Decisions regarding the conditions of confinement - Counts II, IV, VI, and VII

Next, Plaintiff alleges Defendants "failed to provide safe and sanitary conditions for the duration of his unlawful detainment", and that he was subject to "routine humiliation and abuse," without alleging any specific facts in support of these

13

allegations. To the extent these allegations are based on Plaintiff's detention itself and deprivation of medication, those arguments are addressed in parts III(B)(i)(a) and III (B) (i)(d) of this Order. To the extent Plaintiff's allegations are based on other incidents not alleged in the complaint, such conclusory statements, absent any factual support, fall below the pleading standard set forth in Fed. R. Civ. P. 8, and must be dismissed. Accordingly, Plaintiff's FTCA claims against the United States of America based on the conditions of his confinement, and his unspecified humiliation and abuse, as alleged in Counts II, IV, VI, and VII, must be dismissed.

d. Decisions regarding the Plaintiff's medical care while in custody – Counts I, II, IV, VI, VIII

Finally, the Court turns its inquiry to whether Plaintiff's allegations that Defendants failed to provide him with specific medication while he was detained fall within the discretionary function exception to the FTCA.

Defendants argue decisions involving providing medical care while in custody are discretionary, and therefore, barred by the discretionary function exception to the FTCA. Notably, the Eleventh Circuit has held, the discretionary function exception applies to "acts that involv[e] an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322, 111 S. Ct. 1267, 1273, 113 L. Ed. 2d 335 (1991). The exception does not apply, however,

"if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." Id. (internal citations and quotations omitted).

This Court finds that the first prong of the two-part discretionary function test – whether the decision in question involves an element of judgment or choice - is met because Plaintiff has failed to identify a statute, regulation, or policy prescribing the Defendants' conduct with regard to the administration of medication while in custody. See Shivers v. United States, 1 F.4th 924, 931 (11th Cir. 2021), cert. denied, 142 S. Ct. 1361, 212 L. Ed. 2d 322 (2022)(affirming dismissal of FTCA claim pursuant to the discretionary function exception where plaintiff "points to no federal statute, regulation, or policy that specifically prescribes a course of action that the [defendants] here failed to follow"); Foster Logging, Inc. v. United States, 973 F.3d 1152, 1158 (11th Cir. 2020)(affirming dismissal of FTCA claim where "[p]laintiffs have not identified...any federal statute, regulation, or policy specifically prescribing a course of action")(internal citations omitted); Morton v. United States, No. 4:16CV313-RH/CAS, 2017 WL 4102491, at *4 (N.D. Fla. Aug. 28, 2017), report and recommendation adopted, No. 4:16CV313-RH/CAS, 2017 WL 4102481 (N.D. Fla. Sept. 15, 2017)(finding, the first prong of the discretionary function

15

test was met where plaintiff "has not pointed to a policy, regulation, or statute which specifically requires a course of action.").

Next, this Court must determine whether the decision is grounded in considerations of public policy. "In making this determination, we do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting. Instead, we focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Cohen, 151 F.3d at 1341 (citing Ochran, 117 F.3d at 500; Gaubert, 499 U.S. at 325, 111 S.Ct. at 1275). The Eleventh Circuit, in *Cosby* held, decisions regarding the type of medical care provided to individuals in custody are susceptible to policy analysis because such decisions involve the allocation of finite resources, and security considerations. Cosby v. U.S. Marshals Serv., 520 F. App'x 819, 821 (11th Cir. 2013). Similarly, in a case involving the VA's decisions regarding the distribution of medical devices to veterans, this Court held, such decisions involved policy considerations, including "controlling limited resources and managing logistics. The discretionary function exception protects these types of decisions." Dollins v. United States, No. 15-21731-CIV, 2016 WL 398228, at *3 (S.D. Fla. Feb. 2, 2016).

16

Here, the Defendants' decisions regarding the administration of medical care to detainees involved similar policy concerns, including safety, logistics, and the allocation of resources. Such decisions fall within the scope of the discretionary function exception. Accordingly, Plaintiff's claims based on the decision not to administer medication, as alleged in Counts I, II, VII, VIII, and IX, are hereby barred.

ii. <u>Plaintiff's FTCA Claims Against Defendant Perez and Defendant Akal Security, Inc.</u>

Counts I and II of Plaintiff's Complaint are explicitly brought pursuant to the Federal Tort Claims Act. As stated in Defendant Perez's Motion, "The United States is the only proper defendant in an FTCA action," <u>Simpson v. Holder</u>, 184 Fed. App'x 904, 908 (11th Cir. 2006). Accordingly, Plaintiff's FTCA claims against Defendant Perez and Defendant Akal Security, Inc. as alleged in Counts I and II must be dismissed.

Counts IV, V, VII, VIII, and IX assert tort claims against the Defendants but are silent as to the bases for the causes of action. Nonetheless, the FTCA provides,

> [A FTCA claim] resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for

money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C.A. § 2679(b)(1).

Section (b)(2) provides two exceptions for actions brought against an employee based on (i) a violation of the United States Constitution, or (ii) a violation of a statute of the United States under which such action against an individual is otherwise authorized. 28 U.S.C.A. § 2679(b)(2).

Counts IV, V, VII, VIII, and IX of Plaintiff's Complaint assert claims against Defendant Perez based on acts or omissions he committed while acting within the scope of his employment. These claims all stem from the same subject matter as Plaintiff's FTCA claims and are not based on violations of the United States Constitution or brought pursuant to any federal statute authorizing a cause of action. Notably, Plaintiff has failed to address this argument in his Response entirely. Accordingly, Plaintiff's claims against Defendant Perez, as alleged in Counts

IV, V, VII, VIII, and IX are barred by 28 U.S.C.A. § 2679(b) and must be dismissed.[2]

C.   PLAINTIFF'S *BIVENS* CLAIMS - COUNT III

Count III of Plaintiff's Complaint asserts *Bivens* claims against Defendant United States and Defendant Perez, based on allegations that the Defendants unlawfully detained Plaintiff and deprived him of necessary medication in violation of his constitutional rights.

i.   Deprivation of Necessary Medication – Eight Amendment

Plaintiff's *Bivens* claims based on the deprivation of necessary medication must be dismissed because (1) Plaintiff has failed to allege sufficient facts to state a claim, and (2) *Bivens* should not be extended to an immigration context, based on Eleventh Circuit precedent.

a. Failure to State a Claim

---

[2] The Court notes that the dismissal of these claims against Defendant Perez, coupled with the dismissal of the same claims against the United States may preclude Plaintiff's remedy for the instant incidents entirely. However, such a result is in keeping with Eleventh Circuit precedent. See Matsushita Elec. Co. v. Zeigler, 158 F.3d 1167, 1169 (11th Cir. 1998)(dismissing claim against the United States and individual government employee based on § 2679 despite the court being "sympathetic of Matsushita's concern" that such a result left him without a remedy, "in light of the plain meaning of § 2679's text."); see also United States v. Smith, 499 U.S. 160, 111 S. Ct. 1180, 113 L. Ed. 2d 134 (1991) (affirming dismissal of plaintiff's claims against individual federal employee pursuant to § 2679 because the claims stemmed from the same incident as the plaintiff's claims against the U.S. Government, despite the fact his claims against the Government were barred by sovereign immunity).

The Supreme Court has held, when prison officials "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed," they violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To prevail on such a claim, "a plaintiff must show (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) his injuries were caused by the defendant's deliberate indifference." Id. (citing Townsend v. Jefferson Cty., 601 F.3d 1152, 1158 (11th Cir. 2010)). "[T]o establish a defendant's deliberate indifference, the plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Id.

Plaintiff alleges the Defendants were apprised of a brain aneurysm he suffered five years prior to being detained. However, as noted by Defendants, Plaintiff has failed to allege any facts indicating Defendants were even aware of – much less deliberately indifferent to – his need for medication at the time he was detained, or at any time while Plaintiff was in custody. As such, Plaintiff has failed to make a prima facie showing that the Defendants deprived him of medication in violation of his Eighth Amendment rights. See Smith v. Wood, No. 20-12918, 2021 WL 4452526, at *3 (11th Cir. Sept. 29, 2021). (affirming dismissal of claim for deliberate indifference to a serious medical need because

plaintiff failed to allege facts supporting the inference that defendant was aware that a substantial risk of harm existed.) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); <u>Coates v. United States</u>, No. 19-25190-CV, 2020 WL 6440204, at *7 (S.D. Fla. Nov. 3, 2020)(dismissing plaintiff's claim for deliberate indifference to a serious medical need where plaintiff failed to allege specific facts including, "who had subjective knowledge of a serious risk of harm and disregarded that risk, and by what conduct amounting to more than gross negligence they disregarded that risk.")

 b. <u>Bivens Actions in an Immigration Context</u>

 The Supreme Court, in *Bivens*, established an implied federal cause of action in the absence of express statutory authority, allowing a plaintiff to recover money damages against federal officers who have violated the plaintiff's constitutional rights. <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Court found that the plaintiff could assert claims against agents of the Federal Bureau of Narcotics based on violations of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. <u>Id.</u> Since the opinion in *Bivens*, the Supreme Court has extended this implied cause of action to claims stemming from (i) a United States Congressman's discrimination against a staff member on the basis of sex in violation of the Due Process Clause of the Fifth

21

Amendment, and (ii) prison officials' failure to provide prisoner with proper medical care in violation of the Eighth Amendment. See Davis v. Passman, 442 U.S. 228, 228, 99 S. Ct. 2264, 2268, 60 L. Ed. 2d 846 (1979); Carlson v. Green, 446 U.S. 14, 14, 100 S. Ct. 1468, 1469, 64 L. Ed. 2d 15 (1980).

Like the plaintiffs in *Bivens, Davis,* and *Carlson*, Plaintiff alleges the defendants violated his constitutional rights. However, the context in which those rights were allegedly violated is factually distinguished from the facts at issue in *Bivens*, *Davis*, and *Carlson* such that the survival of Plaintiff's claim would require this Court to extend the implied cause of action created by *Bivens* to an immigration context. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1864, 198 L. Ed. 2d 290 (2017)("A case can present a new context for *Bivens* purposes if it implicates a different constitutional right; if judicial precedents provide a less meaningful guide for official conduct; or if there are potential special factors that were not considered in previous *Bivens* cases...even a modest extension [of *Bivens*] is still an extension.")

The Supreme Court has warned, "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." Id. at 1848 (citing Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868.).

> When a party seeks to assert an implied cause of action under the Constitution, separation-of-powers principles should be central to the analysis. The question is whether Congress or the courts should decide to authorize a damages suit. Most often it will be Congress, for *Bivens* will not be extended to a new context if there are special factors counselling hesitation in the absence of affirmative action by Congress. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, courts must refrain from creating that kind of remedy. An alternative remedial structure may also limit the Judiciary's power to infer a new *Bivens* cause of action.

Id. (internal quotations and citations omitted).

In determining whether an alternative remedial structure exists, "[t]he question is not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue." Alvarez v. U.S. Immigr. & Customs Enf't, 818 F.3d 1194, 1206 (11th Cir. 2016) (quoting *Bush v. Lucas,* 462 U.S. 367, 388, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). The Eleventh Circuit has held, the Immigration and Nationality Act constitutes a sufficient alternative remedial structure barring the extension of *Bivens* to an immigration context. See Id. In so finding, the Circuit Court cited *Mirmehdi*, a case in which the Ninth Circuit rejected the argument that *Bivens* should be extended to an immigration context because, "Congress

23

has established a substantial, comprehensive, and intricate remedial scheme in the context of immigration," and special factors including "[t]he complexity and comprehensiveness of the existing remedial system," and the fact that "immigration issues have the natural tendency to affect diplomacy, foreign policy, and the security of the nation," counseled against an extension of *Bivens*. Mirmehdi v. United States, 689 F.3d 975, 983 n. 4 (9th Cir.2012)(internal citations and quotations omitted). The Alvarez Court also cited a Fifth Circuit case finding, even if the INA did not provide an adequate alternative remedy, "special factors unique to the immigration context far outweigh any benefits that might accrue from authorizing *Bivens* suits." De La Paz v. Coy, 786 F.3d 367, 378 (5th Cir. 2015).

Recently, the Supreme Court rejected the proposed extension of *Bivens* to claims against a border patrol officer who entered the plaintiff's business – which was located near the border between Canada and the United States – without a warrant and threw the plaintiff to the ground, resulting in his injuries. Egbert v. Boule, --- U.S. ----, 142 S. Ct. 1793, 1797, 213 L.Ed.2d 54 (2022). The Supreme Court found that *Bivens* should not be extended in such a context because "permitting suit against a Border Patrol agent presents national security concerns that foreclose Bivens relief." Id. The same reasoning applies to Plaintiff's claims against Customs and Border Protection Officer Perez. Plaintiff's claims

are based on Defendant Perez's conduct which took place while he was carrying out "Border Patrol's mandate to 'interdic[t] persons attempting to illegally enter or exit the United States,'" which inevitably implicates national security and foreign policy concerns. See Id. (citing 6 U.S.C. § 211(e)(3)(A)).[3]

Accordingly, this Court finds that the special factors identified by the Eleventh, Ninth, and Fifth Circuits in the above-cited opinions, as well as the Supreme Court opinion in *Egbert* bar the extension of *Bivens* to Plaintiff's claims. Thus, Plaintiff's *Bivens* claim, as alleged in Count III, must be dismissed.[4]

D. PLAINTIFF'S COMPLAINT CONSTITUTES AN IMPERMISSIBLE SHOTGUN PLEADING.

Plaintiff's Complaint constitutes an impermissible shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of all preceding counts." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

---

[3] The Court notes the factual distinction between the conduct giving rise to the claims presented in *Egbert* which took place at an international border, and those present here, which took place at Miami International Airport. However, in other contexts, the Supreme Court and the Eleventh Circuit have recognized that a search at an international airport is the functional equivalent of that at an international border. Almeida-Sanchez v. United States, 413 U.S. 266, 273, 93 S. Ct. 2535, 2539, 37 L. Ed. 2d 596 (1973); United States v. Garcia, 672 F.2d 1349, 1364 (11th Cir. 1982)(recognizing the "first landing point following international flight[]" as the functional equivalent of an international border for purposes of permitting a warrantless search).

[4] In addition to its finding that *Bivens* should not be extended to Plaintiff's claims, the Court notes that Plaintiff has asserted his *Bivens* claim against the United States of America. However, the implied cause of action established in *Bivens* creates "a right to recover damages *against the official*," and not the Government. Carlson v. Green, 446 U.S. 14, 18, 100 S. Ct. 1468, 1471, 64 L. Ed. 2d 15 (1980). Accordingly, even if *Bivens* extended to the facts presented, the United States is not a proper defendant in a *Bivens* claim.

Each count of Plaintiff's Complaint contains a paragraph which "incorporates by reference the allegations in all preceding paragraphs." (ECF No. 1 at ¶ 32, 41, 52, 60, 72, 81, 91, 97, 102). Furthermore, several of Plaintiff's claims contain no factual allegations at all. For example, Count VIII is completely devoid of any factual allegations and consists of five paragraphs: (i) one incorporating all preceding paragraphs; (ii) one stating that the incorporated facts constituted negligence and caused Plaintiff to suffer emotional distress; (iii) one stating Plaintiff's damages were foreseeable; (iv) one listing the damages Plaintiff suffered, and (v) a wherefore clause. Although Count VIII is the least factually-supported claim, all of Plaintiff's claims are fashioned in a similar manner by setting forth barebones, conclusory allegations and simply reciting the elements of the claims. Finally, Plaintiff's Complaint sets forth no factual allegations indicating the role of Defendant Akal Security in the subject incidents. In fact, the only allegations involving Defendant Akal Security are the two paragraphs introducing them as a party and stating that Defendant Akal Security is a New Mexico corporation which provides security services at the Krome Service Processing Center. As such, it is impossible to determine what role Plaintiff alleges Defendant Akal had in any of his claims.

While Defendants have not asserted a 'shotgun pleading' argument for dismissal, the Eleventh Circuit has held, courts "have little

tolerance for shotgun pleadings," and may, within their discretion, dismiss such a pleading, sua sponte. <u>Arrington v. Green</u>, 757 F. App'x 796, 797 (11th Cir. 2018) (citing <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018)). This Court finds that Plaintiff's claims "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Id.</u> The continued litigation of Plaintiff's claims, as pled, would "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." <u>Id.</u> Accordingly, Plaintiff's remaining claims shall be dismissed, sua sponte.

### A. <u>Plaintiff's Motion for Leave to Amend</u>

After responding to both of the instant motions to dismiss, Plaintiff filed a motion for leave to amend his complaint (ECF No. 60). Plaintiff provides no explanation as to the reason for the requested amendment, the substance of the amendment, or any argument as to how the amendment would remedy the issues identified in the Defendants' motions to dismiss. Instead, Plaintiff states – with no explanation or analysis – that he is seeking leave to amend his complaint in light of a memorandum opinion issued by the District Court for the District of Columbia on a motion for temporary restraining order. It is unclear what relevance the cited authority has to Plaintiff's motion for leave to amend the

complaint. Nonetheless, the motion should be denied. As stated by the Eleventh Circuit, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also n re Jan. 2021 Short Squeeze Trading Litig., No. 21-02989-MDL, 2022 WL 255350, at *10 (S.D. Fla. Jan. 27, 2022) ("[a] plaintiff who seeks to amend a complaint under Federal Rule of Civil Procedure 15(a)(2) must request leave by filing a written motion and setting forth the substance of the proposed amendment."). Plaintiff has failed to attach a copy of the proposed amendment or set forth the substance thereof. Accordingly, the Court will not grant leave for Plaintiff to re-plead all of the claims raised in his original Complaint. However, in light of the sua sponte dismissal of some of Plaintiff's claims, and in keeping with the Eleventh Circuit's directive that the Court should, "give the plaintiff at least one opportunity to re-plead the complaint," before dismissing a claim sua sponte, Plaintiff is granted leave to file an amended complaint, which shall be limited to the claims not expressly dismissed on their merits herein. More specifically, Plaintiff may replead his claims against Defendant Akal Security, Inc., with the exception of Plaintiff's FTCA claim for which Defendant Akal Security is an improper defendant.

## IV.  CONCLUSION

It is hereby **ORDERED AND AJUDGED** that Defendants' Motions to Dismiss Plaintiff's Complaint (ECF. No. 43, 57) are hereby **GRANTED.** Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED IN ITS ENTIRETY.**

It is further **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend (ECF No. 60) is hereby **GRANTED IN PART.** Plaintiff may, within fifteen (15) days, file an amended complaint repleading his claims against Defendant Akal Security, Inc., with the exception of Plaintiff's FTCA claim for which Defendant Akal Security is an improper defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of August, 2022.

s/ Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record